IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SUSAN KNAPP,<br><br>      Plaintiff<br><br>vs.<br><br>AMERICA WEST AIRLINES, INC.,<br><br>      Defendant. | ORDER & MEMORANDUM DECISION<br><br>Case No. 2:01CV793 TC |

  This matter is before the court on Defendant America West Airlines' (AWA) motion for summary judgment and on Plaintiff Susan Knapp's cross motion for partial summary judgment. Having fully considered the various motions and all related filings, AWA's motion for summary judgment is GRANTED and Ms. Knapp's motion for partial summary judgment is DENIED.

  Ms. Knapp, who was a pilot for AWA, claims, in he Second Amended Complaint, violations of the Family Medical Leave Act (FMLA) based upon AWA's alleged denial of leave to allow her to care for her son. In its motion for summary judgment, AWA claims that Ms. Knapp did not work the requisite number of hours during the year preceding any of the alleged violations to qualify for leave under the FMLA and, therefore, cannot succeed on her claim. Because the record shows conclusively that AWA is correct, the court grants AWA's motion.[1]

**ANALYSIS**

  Federal Rule of Civil Procedure 56 permits the entry of summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

---

[1] The parties briefs recount the facts.  The court will not repeat them except when necessary to explain this decision.

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Fed. R. Civ. P. 56(c); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-51 (1986); Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998). The court must "examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990).

In order to qualify for leave under the FMLA an employee must have worked 1,250 hours over the course of the preceding twelve months. 29 C.F.R. § 825.110. The FMLA adopted the principles established under the Fair Labor Standards Act (FLSA) for determining compensable hours of work to measure hours of service. 29 C.F.R. Part 785. And "periods during which an employee is completely relieved from duty and which are long enough to enable [her] to use the time effectively for [her] own purposes are not hours worked." 29 C.F.R. § 785.16.

AWA has provided scheduling documents detailing Ms. Knapp's work hours. Ms. Knapp has provided no admissible evidence to dispute AWA's evidence.

As an AWA pilot, Ms. Knapp incurred hours on active duty and in training which are included in her compensable hours. Ms. Knapp also incurred a certain number of "layover hours" when she was off duty, but away from home and subject to some regulation, and additional hours "on reserve" when she was at home but on call. The parties dispute which of these hours are compensable under the FLSA.

Ms. Knapp spent approximately 400 hours[2] on active duty or in training in the twelve

---

[2]AWA's figures establish approximate totals for the relevant periods with total hours ranging from 348 hours between November 12, 1998 and November 12, 1999, to 415 hours between October 13, 1998 and October 13, 1999. (Def. Mem. Supp. Mot. Summ. J. at xi-xii.) These totals do not include layover hours.

months preceding any of the specific allegations.  The parties dispute whether the approximately 364 hours[3] of "layover time" spent by Ms. Knapp in the preceding twelve months should also be included in Ms. Knapp's total.  These hours are hours Ms. Knapp spent away from home between flights for which she was responsible.  During this time, although Ms. Knapp was not required to remain at the airport, she was not allowed to consume alcohol and was required to rest for eight hours.

Under the FLSA, time not spent on active duty is generally compensable if the "requirements are so restrictive that they interfere with employees' personal pursuits." Armitage v. City of Emporia, 982 F.2d 430, 432 (10th Cir. 1993).  Although the restrictions on Ms. Knapp's use of her layover time were not severe, she was required to be away from home which certainly could restrict Ms. Knapp's personal pursuits.  Therefore, the court will assume that Ms. Knapp's layover hours are compensable under the FLSA.  But even counting Ms. Knapp's layover hours, she still does not meet the 1250-hour requirement.

Ms. Knapp contends that the "on reserve" hours must be counted.  While Ms. Knapp was on reserve, she could not drink alcohol.  And Ms. Knapp had to be available by phone and able to report to the airport within one hour of a telephone call.  But during this time she could be at home.  Prohibitions on alcohol consumption and a mandate that an employee be reachable and able to report are not so severe that they render those hours compensable.  See Armitage, 982 F.2d at 432 ("In the instant case, the detectives were allowed to do as they pleased while on call, as long as they remained sober, could be reached by beeper and were able to report to duty within twenty minutes of responding to the page.")  Accordingly, Ms. Knapp's "reserve time" is not

---

[3]AWA's scheduling documents demonstrate that Ms. Knapp approximately 364 hours on layover in cities where she did not live between October 1998 and October 1999, and the same amount between November 1998 and November 1999.

included in the calculation of working hours spent during the twelve months preceding the alleged FMLA violation.

During the twelve months immediately preceding any of the FMLA violations, Ms. Knapp spent approximately 400 hours on either active duty or in training and spent approximately 364 hours in compensable "layover time." Ms. Knapp did not work the requisite 1,250 hours before any of her alleged violations and cannot succeed on a claim for violations of the FMLA.

Accordingly, AWA's motion for summary judgment is GRANTED and Ms. Knapp's motion for partial summary judgment is DENIED.

SO ORDERED this 17th day of November, 2005.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge